**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE HARRIS,

    Plaintiff - Appellant,

v.

GORDON P. GALLAGHER, Judge,

    Defendant - Appellee.

No. 15-1462
(D.C. No. 1:15-CV-02417-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Plaintiff-Appellant Lawrence Harris, appearing pro se, seeks to appeal

from the district court's dismissal of his suit against Magistrate Judge Gordon P.

Gallagher.  We deny Mr. Harris's motion for leave to proceed on appeal without

prepayment of fees or costs (IFP status) and dismiss the appeal.

This appeal began with Mr. Harris's desire to play semi-professional

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

basketball for the Tulsa 66ers.  He filed suit against the Tulsa 66ers in the federal district court in Colorado.  That complaint and action was dismissed without prejudice for improper venue.  Harris v. Tulsa 66ers, No. 14-cv-02765, 2014 WL 5356683 (D. Colo. Oct. 16, 2014).  Mr. Harris then filed suit against the district court because he disagreed with the order of dismissal.  The magistrate judge directed Mr. Harris to pay the filing fee or file an IFP motion and a complaint that complied with Fed. R. Civ. P. 8 on a court-approved form.  The district court ultimately dismissed that complaint and action without prejudice for failure to comply with the magistrate judge's directives pursuant to Fed. R. Civ. P. 41(b). Harris v. United States District Court, No. 14-cv-03153, 2015 WL 109823 (D. Colo. Jan. 5, 2015).

The present action involves Mr. Harris suing the magistrate judge.  Mr. Harris was granted IFP status, and the district court screened his complaint and dismissed it with prejudice for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  Harris v. Gallagher, No. 15-cv-02417  (D. Colo. Nov. 16, 2015).  This suit is barred by absolute judicial immunity.  Pierson v. Ray, 386 U.S. 547, 554 (1967).  Judges are immune from 42 U.S.C. § 1983 liability unless the judge acts "in the clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 357 (1978).  Mr. Harris has not made a rational argument on the law or the facts to warrant this appeal proceeding further.  See Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir. 1981).

We DENY the motion for IFP status on appeal and DISMISS the appeal. We remind Mr. Harris that he "remains liable for the full amount of the filing fee." Brown v. Eppler, 725 F.3d 1221, 1231 (10th Cir. 2013).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge